HAZOURI, J.
AvMed (petitioner) petitions for review of the decision of the State of Florida, School Board of Broward County (respondent) to override the statutory stay of the contract award process as provided in section 120.57(3)(c), Florida Statutes (1999). This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.100(c)(3)(1999). We deny the petition.
Upon completion of the bidding process by various health insurance companies, respondent recommended that the health insurance contract be awarded to Humana. Petitioner filed its Notice of Intent to File a Bid Protest and a formal written protest. Pursuant to section 120.57(3)(c), respondent voted to override the mandatory, statutory stay when a “bid protest” was made and proceeded with the award process. Petitioner requested a hearing before the Division of Administrative Hearings and then filed the instant petition to impose the statutory stay.
Section 120.57(3)(c) provides:
Upon receipt of the formal written protest which has been timely filed, the agency shall stop the bid solicitation process or the contract award process until the subject of the protest is resolved by final agency action, unless the agency head sets forth in writing particular facts and circumstances which require the continuance of the bid solicitation process or the contract award process without delay in order to avoid an immediate and serious danger to the public health, safety, or welfare.
(Emphasis added.) Agencies should override this mandatory statutory stay in only the most compelling circumstances. Cianbro Corp. v. Jacksonville Transp. Auth., 473 So.2d 209, 212 (Fla. 1st DCA 1985). In Cianbro Corp. the first district discussed the policy rationale supporting a mandatory, statutory stay:
*573 The legislature has provided a comprehensive scheme for resolving protests arising from the contract bidding process. This scheme envisions that all contract awards will be stayed until the protest is resolved. There are several reasons for staying the contract award process, including: preventing the agency from wrongly awarding the contract; resolving disputes over the contract award before construction is undertaken; preserving the rights of the protesting parties; preserving the public treasure by insuring that the contract is awarded to the lowest responsible bidder; and generally, to provide for orderly resolution of bid an'd contract award protests.

Id.

In overriding the statutory stay the following facts and circumstances were set forth by respondent’s Director of Benefits:
Due to circumstances beyond the control of The School Board of Broward County, Florida, it is necessary to make an immediate award of a health insurance contract under RFP 21-138V for insurance with an effective date of January 1, 2001. More than 7,000 SBBC employees and their dependents are presently served by health insurance coverage provided by Foundation Health Plan. Foundation has notified SBBC that it will no longer provide health insurance coverage for SBBC employees and their dependents at the contractually required rates after December 31, 2000 despite the requirements to do so under the contract existing between SBBC and Foundation. The school district considers Foundation to be in breach of its contract and has taken legal action against Foundation. However, Foundation’s expressed refusal to provide health insurance coverage is anticipated to be effective after December 31, 2000. The other incumbent insurance carrier, HIP Health Plan, has recently emerged from insolvency and states that it is unable to provide health insurance coverage at the contractually required rates to the current Foundation enrollees. As such, SBBC must complete installation of a replacement health insurance carrier for Foundation by January 1, 2001. To accomplish such installation, SBBC must conduct an open enrollment, prepare the proper payroll deductions, allow employees to select primary care physicians, issue health plan identification cards,- and install the affected employees with the new health insurance carrier in less than seven weeks. The time remaining now prior to the Foundation’s avowed cessation of coverage is barely sufficient to complete these tasks. Any delay in the continuation of the contract award process would result in the loss of health insurance coverage for thousands of SBBC employees and dependents commencing on January 1, 2001, which would present an immediate and serious danger to their health, safety and welfare.
We find that respondent stated with sufficient particularity facts which evidenced a serious and immediate danger to the public health, safety or welfare such that the contract award process should continue. We also find the facts sufficiently compelling to justify an override of the automatic stay. Therefore, we deny Av-Med’s petition.
WARNER and SHAHOOD, JJ„ concur.